UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                                            **DECISION AND ORDER**
                                                  04-CR-13S

DARNELL LYNCH,

                Defendant.

On June 29, 2005, Defendant Darnell Lynch waived indictment and pleaded guilty to a one-count information charging him with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (Docket Nos. 67-69.) On June 29, 2005, this Court sentenced Lynch to a 4-year term of probation. (Docket No. 88.)

Through a pro se motion filed on July 29, 2025, Lynch now seeks expungement of his conviction. (Docket No. 92.) He maintains that relief is warranted so that he can "try to move forward." Id. Lynch, however, does not fall within any of the narrow categories under which expungement of a federal conviction is permitted.

In Doe v. United States, the United States Court of Appeals for the Second Circuit held that federal courts lack both subject-matter and ancillary jurisdiction to entertain motions to expunge valid federal convictions. 833 F.3d 192, 196-200 (2d Cir. 2016). While Congress has granted federal courts jurisdiction to entertain expungement motions in certain limited circumstances, none of those circumstances apply here. See, e.g., 18 U.S.C. § 3607 (c) (Federal First Offender Act); 28 U.S.C. § 1651 (*coram nobis* under the All Writs Act). Nor does Lynch's request fall within the court's expungement authority

1

under the habeas corpus or civil rights statutes.   See Smalls v. United States, 19 MC 70 (KAM) (CLP), 2022 WL 2441741, at *1 (E.D.N.Y. June 6, 2022) (discussing a district court's limited expungement authority).

Consequently, no matter the merits of Lynch's motion, it must be denied for lack of jurisdiction.[1]   See Rosado v. United States, No. 02 CR 0464, 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) (finding that except in limited circumstances authorized by Congress, district courts lack subject-matter jurisdiction over motions to expunge or seal a valid federal conviction).

IT HEREBY IS ORDERED, that Defendant's Motion to Expunge or Seal (Docket No. 92) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Defendant Darnell Lynch, 25 Rowland St., Cheektowaga, NY 14225.

SO ORDERED.

Dated:   July 30, 2025
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

---

[1] Without expressing any opinion, this Court notes that a process for issuance of certificates of relief from disabilities exists under New York law.   See N.Y. Corr. Law § 703 (1)(b) (providing that a certificate of relief from disabilities may issue to "any eligible offender who resides within [New York] and whose judgment of conviction was rendered by a court in any other jurisdiction").